Seawell, J.
It is difficult to discover the principle upon which the Defendant’s objection rests ; the act of Assembly requires from the administrator that he should before delivering over the distributive share (and in like manner of executors as to legacies) take from the party a bond, with two or more able sureties to refund in case of debts. The administrator has taken the bond from the Defendant; but he objects to being bound thereby, because there was but one surety taken ; and I suppose if two had been taken he would then have said, he ought not to be bound, because they were not able. Whether the administrator could shelter himself from the claim of creditors by this bond, is another question: but as regards the Defendant, the administrator has not imposed upon him, any *240 obligation unauthorized by law,nor has he taken any bon4 which the law forbids. Or. the contrary, he has taken the precise one required by law ? but has omitted to have it signed by as many persons as he was directed. In other words, he has done nothing which the law dicj not require ; but has not done all it required ; in point of law therefore the bond is not void ; and in reason and honesty there can, be no ground to impeach it. There ought therefore t^ be judgment for the Plaintiffs.
Hall, J. Daniel, J. and Ruffin, J. concurred.